UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: June 8, 2017
JUDGE: Pamela Pepper
CASE NO: 2016-cr-48
CASE NAME: United States of America v. Trulunda Stenson
NATURE OF HEARING: Final Pretrial Conference
APPEARANCES: Joshua Uller – Attorney for the defendant
Trulunda Stenson – Defendant
Matthew Krueger – Attorney for the government
Matthew Jacobs – Attorney for the government
COURTROOM DEPUTY: Kristine Wrobel
TIME: 9:03 a.m. – 11:37 a.m.
HEARING: Trial scheduled for June 26, 2017 at 8:30 a.m. in Room 225

  The court explained that currently, it had two trials scheduled for the week of June 26—this case, and what could potentially be the second week of a trial scheduled to start on June 19. The court told the parties that it had reached out to the other judges to ask if one of them might be available to preside over one of the trials. The court explained that the other judges had other hearings on their calendars those weeks, but that it continued to work to ensure that both cases could go forward on the respective dates, regardless of whether this court was the presiding judge or not.

  The parties told the court that they had had some preliminary discussions about pretrial motions, but weren't ready to file just yet. Counsel for the defendant reported that the government had proposed some stipulations, which he needed to review with the defendant.

  The court went through the history of the case, noting that the magistrate judge had designated the case as complex, and had extended the deadline for filing pretrial motions several times. Finally, on the last day of the extended pretrial motions period (July 20, 2016), counsel for the defendant had filed a stipulation signed by lawyers for both sides. In the stipulation, the parties indicated that the defendant had been considering filing a motion to suppress certain out-of-court identifications of the defendant. The parties had agreed that, instead of the defendant filing a pretrial motion to suppress, the defendant would raise the identification issues in a motion *in limine* before trial. At that time, the trial was to start on December 19, 2016, and the final pretrial conference was scheduled for December 5, 2016. On December 4, 2016—the day before the final pretrial conference—counsel for the defendant had filed a motion *in limine* to exclude the identifications. At the final pretrial conference on December 5, 2016, defense counsel had asked the court to adjourn the trial, to give him time to follow up on some discovery issues. During that hearing, the parties briefly discussed the motion to exclude the

1

out-of-court identifications. At that time, the government argued that the motion looked more like a pretrial motion to suppress, and pointed out that the deadline for filing such motions had expired in July. Because the court granted the defendant's motion to adjourn the trial (over the government's objection), it did not rule one way or the other on the identification motion. It did order, however, that if the defendant wanted to file any dispositive motions, she needed to seek leave of the court to do so by February 27, 2017. The court also ordered the parties to file any motions *in limine* by June 5, 2017, ahead of the June 26, 2017 trial date.

The court observed that the parties had filed a number of pleadings on June 5, 2017, including motions *in limine*, exhibit lists, witness lists, and proposed *voir dire*. Along with those, the parties had filed letters with the court, arguing about the December 4, 2016 identifications motion. The government maintained that that motion was an untimely pretrial suppression motion, and that the court should deny it summarily because it was untimely. The government also argued that the court had given the defendant the opportunity to file the motion as a pretrial motion to suppress—by giving the defendant the opportunity to file "dispositive" motions by February 2017—and the defendant had not taken that opportunity. The defendant argued that she had construed the government's requirement to file "dispositive" motions by February 2017 as an invitation to file any motions *other* than what the defendant already had filed. The defense maintained that the parties had agreed in the stipulation to treat the identification motion as a motion *in limine*, and asked the court to grant it and to schedule a pretrial hearing to determine whether exclusion of the out-of-court identifications should bar any in-court identifications.

In court today, counsel for the government conceded that he'd signed the stipulation, but indicated that he had not understood that he was stipulating to the defendant filing a motion to suppress as a motion *in limine*. He pointed out that if the court were to grant the defendant's motion in that procedural posture, the government would not be able to appeal it before the trial—the whole point of requiring defendants to file motions to suppress as pretrial motions at the beginning of the case. Counsel for the defendant stated that he understood that there may have been some misunderstanding or miscommunications on all sides, but that there was still time before the trial began for the court to hold a hearing on the motion, and he asked the court to schedule one. The court proposed that it refer the motion to the magistrate judge for a hearing, report and recommendation. The court then could give the parties time to object to the recommendation, and could try to resolve any objections and the motion prior to the June 26, 2017 trial. The parties approved this suggestion. The court will enter the order making the referral.

The court then addressed the motions *in limine*. The parties' arguments are memorialized in the electronic recording of the hearing.

With regard to the defendant's motions *in limine*:

1.  Dkt. No. 29, consolidated motions *in limine*:

    *   The court **GRANTS** motion no. 1, and **ORDERS** that all witnesses are excluded from the courtroom during trial, with the exception of the government's case agent and the defendant's investigator;
    *   The court **DENIES** motion no. 2, because the request is too broad. If, during the trial, the government seeks to admit, or makes reference to, substantive evidence which it was required to disclose before trial but did not, the defense may object at that time.

2.  Dkt. No. 30, defendant's motion *in limine* regarding foundation or contextual evidence: the court **DENIES** the motion to prohibit IRS Special Agent Julie Ricchio from testifying that her reason for investigating the defendant was that she received a referral from the IRS's Kanas City Scheme Development Center that there were some possibly fraudulent returns related to the defendant;

3.  Dkt. No. 31, defendant's motion *in limine* to exclude evidence of uncharged tax returns: The court **DENIES** the motion, because the government did charge these returns in the scheme count, and they are part of the proof the government must produce to prove the scheme;

4.  Dkt. No. 32, defendant's motion *in limine* to exclude "ramification" evidence from the alleged victims: The court **DENIES** the motion—evidence from innocent tax payers of the impact of the defendant's actions is relevant to the jury's consideration of the alleged offenses;

5.  Dkt. No. 33, defendant's motion *in limine* to exclude evidence of State of Wisconsin's unemployment compensation lawsuit: The court **DENIES** the motion. The government does not seek to introduce evidence of the lawsuit. Rather, it seeks to introduce evidence that in relation to the 2011 case, the defendant provided the Department of Workforce Development information about her income that differed significantly from the information she provided on returns she submitted to the IRS; this information is relevant to the fraud allegations.

With regard to Dkt. No. 37, the government's consolidated motions *in limine*:

* Motion A: The court **DENIES** the motion asking the court to preclude the defense from eliciting hearsay evidence regarding other individuals who filed tax returns; if counsel for the defense attempts to elicit hearsay not subject to an exception, counsel for the government may object, and the court will rule at that time;
* Motion B: The court **GRANTS** the motion, and **ORDERS** that the defense should not make arguments inviting jury nullification;
* Motion C: The court **GRANTS** the motion, and **ORDERS** that counsel for the defendant shall not make reference to any potential punishment the defendant may face if found guilty;
* Motion D: The court **GRANTS** the motion, and **ORDERS** that neither party shall attempt to define "reasonable doubt" for the jury;
* Motion E: The court **GRANTS** the motion, and **ORDERS** that counsel for the defendant shall not reference or comment on the timing of the indictment or the timing of discovery in front of the jury.

The court strongly encouraged the parties to stipulate to the Fed. R. Evid. 803(6) foundational requirements for records of regularly conducted activities, so that the government could call as few records custodians as possible. The court reviewed the parties' proposed *voir dire* questions (Dkt. Nos. 28 and 39) and explained which questions it would include or not include. The court will file its proposed *voir dire* for the parties to review before the morning of trial.

The court advised counsel that it planned to have the jurors begin each morning at 9:00 a.m., with counsel arriving at 8:30 a.m. to take care of preliminary matters. The court advised the parties to let their witnesses and parties know that there was no cafeteria in the building, and that they would have to go through security to get into the building each time. The court advised the parties that if they planned to use electronic or AV devices to present evidence, they should contact chambers in advance of trial to make sure their devices worked. The court reminded the parties it did not have a live court reporter, that it used electronic recording and if they wanted a court reporter to let the court know sooner rather than later. Counsel for the government requested a court reporter, and asked the court to find out whether it would be possible to hold the trial in a different courtroom, more amenable to electronic evidence presentation. The court indicated that it would

check.

The court told the parties that it would let them know if another judge will preside over the June 26, 2017 trial, and where that trial will take place.

Dated in Milwaukee, Wisconsin this 8th day of June, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**